**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SANNY LEE DEBRITO,<br><br>Plaintiff.<br><br>v.<br><br>FERMI RESEARCH ALLIANCE, LLC and FERMI FORWARD DISCOVERY GROUP, LLC,<br><br>Defendant. | Case No. 26-cv-2398<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

NOW COMES Plaintiff, SANNY LEE DEBRITO, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendants FERMI RESEARCH ALLIANCE, LLC and FERMI FORWARD DISCOVERY GROUP, LLC, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1331. This Court has jurisdiction of the state law whistleblower act claim pursuant to 28 U.S.C. §1367 under the principles of supplemental jurisdiction, and such claims so relate to the federal claims as to form a part of the same case and controversy.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendants reside in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, terminated and harmed by Defendants in this District.

## PARTIES

3. Plaintiff, SANNY LEE DEBRITO ("Plaintiff"), was at all times relevant to this suit an Latino adult, residing in Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendants in this District. Plaintiff was hired, employed, terminated and harmed by Defendants in this District.

4. Defendant FERMI RESEARCH ALLIANCE, LLC ("Defendant FRA"), is a limited liability corporation duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, terminated and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII and the ADA.

5. Defendant FERMI FORWARD DISCOVERY GROUP, LLC ("Defendant FFDG"), is a limited liability corporation duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, terminated and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII and the ADA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about May 13, 2025, Plaintiff timely filed Charges of Discrimination alleging race discrimination, disability discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2025-07623.

7. On December 3, 2025, Plaintiff received the EEOC's Notice of Right to Sue on EEOC Charge No. 440-2025-07623.

8. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

9. On April 24, 2023, Plaintiff was hired as an Area Facilities Manager II (AFM II) in the Central Facilities Management division by Defendants.

10. Plaintiff's race is Latino.

11. Plaintiff has a disability as defined under the Americans with Disability Act (ADA).

12. Defendants were apprised of Plaintiff's race and disability.

13. Plaintiff performed his job satisfactorily and within legitimate expectations of Defendants.

14. At all times relevant hereto, Christie Mintrup as Plaintiff's direct supervisor.

15. Since, Christie Mintrup has been harassing Plaintiff, creating a hostile work environment.

16. On August 21, 2024, Plaintiff received a call from Gary, the shop manager, who was very upset about the lack of progress on the Lab 4 compressor repair. He said it had been three weeks with no action and demanded immediate answers. Plaintiff kept the call brief, told him he was already working on it, but Gary called Plaintiff back less than a minute later, still demanding

updates. Right after that second call, Plaintiff sent an email to management summarizing the issue and requesting a status update on the part. Not long after sending that message, Plaintiff started facing increased scrutiny, and on September 10, 2024, Plaintiff was issued a counseling memo—even though just weeks earlier he had been told he was meeting expectations.

17. In August/September of 2024, during a daily morning Zoom meeting, Plaintiff's colleague, Dave Jayson, made a racially charged comment, "We cannot allow undocumented immigrants to just walk in because someone will get killed." Christie Mintrup was present and did not address the comment. During the same meeting, Harry Ferguson calmly raised concerns and stated "we're doing everything you ask of us." Christie publicly berated him, which made Plaintiff deeply uncomfortable.

18. Plaintiff made multiple reports of discrimination, both verbally and in writing, to Defendants' Human Resource department.

19. Plaintiff was then subjected to retaliation. On September 9, 2024, after he used some hours of sick time, Christie issued a memo about his performance that contained false and misleading statements. For instance, she referenced an incident related to a project that he handled appropriately, for which he was even congratulated by the individual involved. This memo appears to have been issued in response to Plaintiff's use of sick time, raising serious concerns about fairness in the workplace.

20. In a Memo dated September 10, 2024, Christie restricted Plaintiff from using Wilson Hall, a common workspace for colleagues, under the pretense of "accessibility," effectively isolating Plaintiff from professional engagement. This has made Plaintiff feel targeted and excluded.

21. On September 10, 2024, Plaintiff emailed Christie Mintrup requesting modified work schedule (early start to leave by 2:30 PM) to attend evening university courses. This request was denied on September 12, 2024, and no referral to Human Resources or ADA process was offered at that time.

22. In a Memo dated February 4, 2025, Christie criticized Plaintiff's performance despite her prolonged absence from the lab, citing feedback from "several individuals" instead of firsthand observations. This secondhand critique undermines objectivity and contributes to a hostile environment.

23. On February 25, 2025, Sophia Corona of Human Resources asserted in writing that Plaintiff entered Fermilab property at 8:28 AM and used this to challenge his Kronos reported hours. However, Plaintiff has photo documentation taken with his company issued iPhone timestamped at 7:54 AM, clearly showing he was already on site addressing a facility issue. This evidence directly contradicts their claim.

24. In a March 14, 2025 email, Christie reinforced the revocation of Plaintiff's teleworking privileges. This came shortly after he submitted a teleworking request during a severe rainstorm, citing safety concerns. In his email, Plaintiff stated that he would be teleworking from home because the weather was dangerous, and he didn't want to risk traveling in such hazardous conditions. This decision was based on a direct recommendation from Christie during one of their Daily Coordination Zoom Meetings, where she encouraged them to use teleworking when there was bad weather to ensure our safety. Despite this encouragement, Plaintiff was later told that he had overused telework and was no longer allowed to work remotely, which is discriminatory and retaliatory.

25. In March of 2025, Plaintiff requested FMLA due to my disability.

26. On April 28, 2025, Plaintiff resumed work-related tasks remotely, while pursuing formal accommodation approval.

27. On April 29, 2025, Plaintiff formally requested ADA accommodations and provided the paperwork to Sophia Corona-Perez in Human Resources, requesting a hybrid work schedule with flexible hours to accommodate daily therapy and medical appointments.

28. Throughout his time at Fermilab, Plaintiff observed a consistent pattern in daily team meetings where colleagues openly shared that they were teleworking for personal reasons, including "picking my kids up from school," "a home-related emergency," and, in one instance as recently as February 2025, a colleague stated they were working from home because their "dog was sick." These comments were made in front of supervisors, including Christie Mintrup, and were accepted without pushback or any formal discipline. Teleworking for personal circumstances appeared to be a routine and culturally accepted practice within our department.

29. In contrast, Plaintiff's own requests to telework, such as during inclement weather or to accommodate medical needs, were often met with heightened scrutiny, accusatory remarks, and formal reprimands.

30. In an email, Christie explicitly criticized Plaintiff's request to delay arrival due to hazardous weather conditions and accused him of being paid for his commute. This double standard in the treatment of telework requests contributes to Plaintiff's belief that I have been subjected to disparate treatment, retaliation, and a hostile work environment following his request for accommodations and FMLA leave.

31. Because of Plaintiff's race and disability, Plaintiff was subjected to harassment, disparate treatment and discrimination.

32. Because Plaintiff reported harassment and discrimination, exercising a right and protected activity, he was subjected to escalated disparate treatment, increased harassment, creating a hostile work environment.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**
**(Defendant FRA and Defendant FFDG)**

33. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

34. Plaintiff, Latino, is a member of a protected class.

35. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendants' legitimate expectations.

36. Plaintiff apprised Defendants of his race, Latino.

37. Defendants discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Latino and everything else having been the same.

38. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

39. Plaintiff's race was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

40. Defendants' discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, SANNY LEE DEBRITO, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated Title VII;

B. Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendants to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – RETALIATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq</u>**
**(Defendant FRA and Defendant FFDG)**

41. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

42. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

43. Plaintiff, being Latino, is a member of a protected class under Title VII.

44. Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendants.

45. Defendants knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, due to discriminatory and retaliatory reasons.

46. Defendants' decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that he reported the illegal acts of Defendants.

47. Defendants would not have retaliated against Plaintiff had he not participated in the protected activity. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendants.

48. Defendants' retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

49. As a direct and proximate result of Defendants' unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, SANNY LEE DEBRITO, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated Title VII;

B. Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendants to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT III — DISCRIMINATION / RETALIATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**
**(Defendant FRA and Defendant FFDG)**

50. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

51. Defendants are employers, as defined by the ADA.

52. Plaintiff has been diagnosed with disabilities protected by the ADA.

53. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of his job with or without reasonable accommodation.

54. The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

55. Nevertheless, Defendants discriminated and retaliated against Plaintiff because he suffered from the aforementioned disabilities and requested accommodations.

56. Similarly situated employees without a disability were treated more favorably by Defendants.

57. Therefore, Plaintiff suffered an adverse employment action by Defendants because of his disability.

58. Defendants' discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, SANNY LEE DEBRITO, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A. Declare, decree, and adjudge that the Defendants violated ADA;
B. Grant an injunction against the Defendants from violating ADA and to protect other employees with disabilities from such Civil Rights violations;
C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;
D. Order the Defendants to pay the Plaintiff compensatory and punitive damages;
E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;
F. Award the Plaintiff his reasonable attorney's fees and costs; and
G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT IV – RETALIATION**
**ILLINOIS WHISTLEBLOWER ACT, 740 ILCS 174/1 et seq.**
**(Defendant FRA and Defendant FFDG)**

59. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

60. At all times relevant to this Complaint, Plaintiff was an employee of Defendants. He performed his job in a satisfactory manner, within legitimate expectations of Defendants.

61. "An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Illinois Whistleblower Act, 740 ILCS 174/1 et. seq.

62. "An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Further, "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Id.

63. "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." Id.

64. Ultimately, in retaliation, Defendants harassed and retaliated against Plaintiff, in violation of the Illinois Whistleblower Act.

65. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, SANNY LEE DEBRITO, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

B. Order Defendants to pay the Plaintiff compensatory damages;

C. Award Plaintiff pre-judgment and post-judgment interest to which he is entitled;

D. Award the Plaintiff his reasonable attorney's fees and costs; and

E. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: March 3, 2026

__/s Antonio L. Jeffrey______
Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com